Nancy J. Mertzel (NM- 2858)
Peter E. Scher (PS- 7631)
BROWN RAYSMAN MILLSTEIN
 FELDER & STEINER LLP
900 Third Avenue
New York, New York 10022-4728
(212) 895-2000

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
COTTON INCORPORATED,

              Plaintiff,

    v.                                   **COMPLAINT AND**
                                     **DEMAND FOR JURY TRIAL**

COTTON, INC.,

              Defendant.
------------------------------------------------------------------x

CV 05 4744
GLASSER, J.
POHORELSKY, M.J.

Cotton Incorporated ("Cotton" or "Plaintiff"), for its complaint against Cotton Inc. ("Cotton, Inc." or "Defendant"), states and alleges as follows:

## NATURE OF THE ACTION

1. By this action, Cotton seeks to enforce its rights in its trade name, COTTON INCORPORATED, which it has been operating under continuously since at least 1970. Cotton is a leading global not-for-profit corporation that among other things, provides marketing, research and technical services to promote and support the United States cotton and textile industries. Through Cotton's extensive marketing and promotional efforts over the past 30 years, COTTON INCORPORATED has become a well-known name recognized by the public at-large as well as by manufacturers, importers, distributors, designers and retailers of cotton goods. Cotton seeks relief from

BRMFS1 622535v1

Defendant's unfair and infringing use of the nearly identical, abbreviated trade name, COTTON, INC., in connection with its wholesale towel business.

2. More specifically, Cotton seeks injunctive relief and damages for infringement of the COTTON INCORPORATED trade name in violation of Section 1125(a) of the Trademark Act of the United States (15 U.S.C. § 1125(a)); unfair or deceptive trade practices and false advertising in violation of Sections 349 and 350 of New York's General Business Obligations Law (N.Y. Gen. Bus. L. §§ 349-350); and unfair competition in violation of Plaintiff's common law rights.

## JURISDICTION AND VENUE

3. This Court has jurisdiction over the subject matter of this action pursuant to 15 U.S.C. § 1121 (Lanham Act), 28 U.S.C. § 1331 (federal question), 28 U.S.C. § 1332 (diversity of citizenship), and 28 U.S.C. § 1367 (supplemental jurisdiction).

4. The amount in controversy, exclusive of interest and costs, exceeds $75,000.00.

5. Venue lies in this judicial district pursuant to 28 U.S.C. § 1391(b) and (c).

## PARTIES

6. Plaintiff is a not-for-profit corporation organized under the laws of the State of Tennessee, with its principal place of business located at 6399 Weston Parkway, Cary, North Carolina 27513. Plaintiff maintains offices in several states, including New York.

7. Upon information and belief, Defendant Cotton, Inc. is a New York corporation with a principal place of business in Brooklyn, New York.

8. Upon information and belief, Defendant Cotton, Inc. is engaged in the wholesale towel business, and adopted the name "COTTON, INC." in or about November 2003.

## FACTS COMMON TO ALL CAUSES OF ACTION

9. Plaintiff, Cotton Incorporated, engages in a variety of activities to support the United States textile and cotton industries, including advertising and public relations, fashion forecasting, retail promotions, agricultural, fiber and textile research, market information and technical services.

10. Plaintiff has been operating under the COTTON INCORPORATED trade name since at least 1970.

11. Due to its extensive marketing and promotional efforts over the past thirty-five years, Plaintiff's trade name, COTTON INCORPORATED, has become extremely well-known.

12. Plaintiff and third parties frequently refer to Plaintiff by the abbreviation COTTON INC. or COTTON, INC. Accordingly, Cotton Incorporated owns and uses both the domain names www.cottonincorporated.com and www.cottoninc.com. Plaintiff's web sites associated with these domain names prominently display the COTTON INCORPORATED trade name. Similarly, the address www.cottoninc.com is prominently displayed as a graphic throughout both sites.

13. Cotton Incorporated is well-known to consumers. Cotton Incorporated spends in excess of $20 Million annually on advertising, promoting and

3

marketing directed to consumers, including television and print campaigns featuring Plaintiff's popular dolls and the Seal of Cotton trademark, all of which identify Cotton Incorporated as the source.

14. Cotton Incorporated also operates two consumer-oriented Internet web sites. One provides information about Cotton Incorporated and its advertising campaigns and is called TheFabricOfOurLives.com. The other provides education about care for cotton products directed to the 17-24 year old market and is called AccessCotton.com.

15. Cotton Incorporated is also a leading global resource for information about the cotton industry, providing extensive information to interested companies about supply and demand, consumer research, fiber quality, fashion and agricultural trends, as well as holding COTTON INCORPORATED conferences. As a result, the COTTON INCORPORATED trade name has been extremely well-known among the trade.

16. Among textile distributors, designers and retailers, the COTTON INCORPORATED trade name has come to represent a formal affiliation with an industry leader, as well as a certain level and assurance of quality. Cotton Incorporated currently has over 700 trademark licensees worldwide for the Seal of Cotton and other Cotton Incorporated trademarks incorporating the Seal of Cotton. The licenses issued are for use of Cotton Incorporated's trademarks on a variety of apparel and home goods, including towels.

17. Upon information and belief, Defendant adopted the trade name COTTON, INC. in or about November, 2003, and since then has used this name

4

continuously in the advertising and promotion of its wholesale towel business. Defendant's trade name is nearly identical to Plaintiff's trade name -- the only difference is that defendant uses the abbreviation "Inc." in lieu of "Incorporated."

18. Defendant's unauthorized use of the trade name COTTON INC. in connection with its wholesale towel business is likely to cause confusion, deception, and mistake as to Defendant's connection or affiliation with Cotton Incorporated, or its approval or endorsement by Cotton Incorporated.

19. Plaintiff contacted Defendant numerous times in writing and by telephone in an attempt to resolve this matter. Defendant's refusal to respond meaningfully necessitated this action.

## COUNT I
### False Designation of Origin (15 U.S.C. § 1125(a))

20. Plaintiff restates and realleges paragraphs 1-19 above as if fully set forth herein.

21. Defendant's use of the abbreviated trade name COTTON, INC. in connection with its towel business is likely to confuse the consuming public and the trade into believing that Defendant's products are authorized, sponsored or otherwise approved by Cotton Incorporated, to Defendant's profit and Plaintiff's irreparable damage and injury.

22. The trade name COTTON, INC. used in connection with a business that typically utilizes cotton and, upon information and belief, caters to retailers and consumers of cotton products, is confusingly similar to Plaintiff's use of the trade name COTTON INCORPORATED to promote the cotton industry among retailers, distributors, designers and consumers of cotton products.

23. Defendant's use of the trade name COTTON, INC. is wholly without the permission, consent or authorization of Cotton Incorporated.

24. Defendant's unauthorized use of the trade name COTTON, INC. violates Section 43(a) of the Lanham Act (15 U.S.C. § 1125 (a)) and constitutes the sale of goods bearing a false designation of origin.

25. Plaintiff has been damaged by Defendant's acts complained of in an amount to be determined at trial, and if Defendant's conduct is allowed to continue, Plaintiff and its goodwill and reputation will continue to suffer immediate, substantial and irreparable injury that cannot be adequately calculated and compensated in monetary damages.

## COUNT II
### Deceptive Acts and Practices
### in Violation of N.Y. Gen. Bus. Law § 349

26. Plaintiff restates and realleges paragraphs 1-25 above as if fully set forth herein.

27. Defendant's use of the trade name COTTON, INC. is deceptive in that it tends to falsely describe or represent that Defendant's products are sponsored by, endorsed by or otherwise approved of by Cotton Incorporated, when in fact they have not.

28. Unless Defendant is enjoined from using this name, the public and the trade are likely to be misled as to the origin of Defendant's products, and Plaintiff will continue to suffer irreparable injury which cannot be adequately calculated or compensated solely by money damages. Accordingly, Cotton Incorporated seeks preliminary and permanent injunctive relief pursuant to N.Y. Gen. Bus. Law § 349.

## COUNT III
## False Advertising in
## Violation of N.Y. Gen. Bus. Law § 350

29. Plaintiff restates and realleges paragraphs 1-28 above as if fully set forth herein.

30. Upon information and belief, retailers and consumers within the State of New York associate an affiliation with Cotton Incorporated with a certain assurance of quality.

31. Because Defendant has no affiliation with Cotton Incorporated, retailers, distributors, designers and consumers who purchase Defendant's products will be mistaken in their belief that they are receiving such an assurance of quality.

32. Unless Defendant is enjoined from using the COTTON, INC. trade name, the public will continue to suffer irreparable injury which cannot be adequately calculated or compensated solely by money damages. Accordingly, Cotton Incorporated seeks preliminary and permanent injunctive relief pursuant to N.Y. Gen. Bus. Law § 350.

## COUNT IV
## Common Law Unfair Competition

33. Plaintiff restates and realleges paragraphs 1-32 above as if fully set forth herein.

34. The acts of Defendant as described above constitute unfair competition and palming off under the common law of the State of New York because Defendant, in bad faith, misappropriated Plaintiff's commercial advantage by infringement and dilution of Plaintiff's trademark.

7

35. Plaintiff has been damaged by Defendant's acts complained of in an amount to be determined at trial, and if Defendant's conduct is allowed to continue, Plaintiff and its goodwill and reputation will continue to suffer immediate, substantial and irreparable injury that cannot be adequately calculated and compensated in monetary damages, leaving Plaintiff with no adequate remedy at law.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands judgment against Defendant on all Counts of the Complaint, as follows:

A. For a Preliminary and Permanent Injunction ordering that Defendant and its officers, agents, servants, employees, and all persons in active concert or participation with any of them, be enjoined from using the designation "Cotton, Inc." or any other name or mark confusingly similar to "Cotton Incorporated," either alone or in combination with other words or symbols, as a part of any trademark, service mark, trade name, corporate name, assumed name, or in any other manner in connection with any services or products related to the cotton industry;

B. For an Injunction ordering Defendant, pursuant to 15 U.S.C. § 1118, to deliver up for destruction all literature, signs, labels, prints, packages, wrappers, containers, advertising materials, stationery, and any other materials bearing the designation "Cotton, Inc.," either alone or in combination with other words or symbols, and that Defendant be ordered to deliver up for destruction all plates, molds, matrices, masters, or other means of making any of the infringing items;

8

C. For an Injunction ordering Defendant to file with the Court and to serve on Plaintiff, within thirty (30) days after the entry of an Injunction, a report in writing under oath setting forth in detail the manner and form in which Defendant has complied with the Injunction;

D. For an Injunction ordering Defendant to account to Plaintiff under oath for all sales, receipts, assets, profits or other gain derived directly or indirectly through the sale of products or services under the name "Cotton, Inc.;"

E. Awarding Plaintiff its damages caused by Defendant's use of the trade name "Cotton, Inc." and all of Defendant's profits received through the sale of products or services under this infringing name;

F. Directing such other relief as the Court may deem appropriate to prevent the public from being misled, deceived or confused; and

G. Directing such other relief as the Court shall deem just and equitable, together with attorney fees, interest, costs and disbursements of this action.

## JURY DEMAND

Plaintiff hereby demands a trial by jury.

Dated: New York, New York
October 7, 2005

                                                BROWN RAYSMAN MILLSTEIN
                                                FELDER & STEINER LLP

                                                */s/ Nancy J. Mertzel*
                                                By: Nancy J. Mertzel (NM-2858)
                                                    Peter E. Scher (PS-7631)
                                                900 Third Avenue
                                                New York, New York 10022-4728
                                                (212) 895-2000
                                                Counsel for Plaintiff Cotton
                                                Incorporated